UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EUGENE GROCE, | ) | CASE NO. 1:13 CV 884 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| OFFICER JOPEK, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On April 19, 2013, Plaintiff *pro se* Eugene Groce, an inmate at the Grafton Correctional Institution, filed this action 42 U.S.C. § 1983 action against the following defendants: Officer Jopek, Officer Todd, Officer Schmitz, Officer C. Locke, Officer Gobel, Officer Schwebb, Officer Pesta, Officer Lyons, Officer Hall, Lieutenant Kane, Sergeant George M. Peters, and Detective Joseph Daugenti. Plaintiff alleges that about 10 Cleveland police officers used excessive force during the course of arresting him on September 18, 2010, causing severe injuries. He further alleges he was not provided necessary medical treatment for the injuries when he was taken to a city jail facility, and had to be transported to a hospital for treatment the next day. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A;

*Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

It is evident on the face of the Complaint that the statute of limitations for bringing a section 1983 claim expired well before Plaintiff filed this action. *Browning v. Pendleton*, 869 F. 2d 989 (6th Cir. 1989)(Ohio's two year statute of limitations for bodily injury applies to section 1983 claims). Although the statute of limitations is an affirmative defense, a Complaint can be dismissed for failure to state a claim if the allegations demonstrate the claim would be barred by the applicable statute of limitations. *Robinson v. City of Euclid*, No. 1:10CV1824, 2010 WL 3860609, at *1 (N.D. Ohio Sept. 30, 2010). There is no purpose in allowing a matter that it is clearly time-barred to go forward. *See Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tenn. Dep't of Corrs.*, No. 01-5818, 2002 WL 123688, at *1 (6th Cir. Jan. 28, 2002) ("Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate."); *Hunterson v. Disabato*, No. 06-4409, 2007 WL 1771315, at *1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations periods has run); *Ali v. Morgan*, No. 09–CV–39–KKC, 2009 WL 872896, at *3 (E.D. Ky. Mar. 27, 2009) (if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*); *Balch v. City of Warren*, No. 4:07 CV 3879, 2008 WL 687079, at *1 (N.D. Ohio Mar. 10, 2008) (same).

Accordingly, this action is dismissed under section 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 10/1/13    UNITED STATES DISTRICT JUDGE